IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 7:25-CV-01039-FL

**Derek William Wragge**,

    Plaintiff,

v.

**The City of Wilmington**,

    Defendant.

**Order &
Memorandum & Recommendation**

    Plaintiff Derek William Wragge, proceeding pro se, seeks to sue the City of Wilmington, North Carolina. Compl., D.E. 1. He also asks to proceed without paying the standard filing fee for civil actions. IFP Mot., D.E. 2.

    Because the Complaint failed to specify the laws he claims the City violated, the court directed him to file an amended complaint. Order, D.E. 6. Wragge's supplemental pleading, however, identifies no state or federal laws that he contends were violated. Am. Compl., D.E. 7. Nor does it offer a basis for this court's jurisdiction. *Id.* Given these shortcomings, the undersigned cannot find that his pleadings state a viable claim.

    The court will waive the filing fee because Wragge lacks the resources to pay it. But the Complaint and Amended Complaint offer no basis for his claims or this court's jurisdiction. So the undersigned recommends that the court dismiss his Complaint and Amended Complaint for failing to state a claim for relief.

    **I.    Background**

    Although difficult to decipher, the pleadings appear to allege that Wragge has experienced recent issue with zoning enforcement on properties he owns. He contends that builders canceled

construction contracts after the City exerted influence on them. The pleadings state that the police failed to intervene after his tenants changed the locks on a rental unit and cited him for trespassing. And Wragge maintains that sales of his properties are being controlled.

## II. IFP Motion

Wragge asks the court to allow him to proceed with this action without paying the required filing fee and other costs associated with litigation (colloquially known as proceeding *in forma pauperis* or IFP). The court may grant his request if he submits an affidavit describing his assets and the court finds that he cannot pay the filing fee. 28 U.S.C. § 1915. In assessing a request to proceed IFP, the court should consider whether the plaintiff can pay the costs associated with litigation "and still be able to provide himself and his dependents with the necessities of life." *Adkins* v. *E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted).

The court has reviewed Wragge's application and finds that he lacks the resources to pay the costs associated with this litigation. The court thus grants his motion (D.E. 2) and allows him to proceed IFP.

## III. Screening Under 28 U.S.C. § 1915

After determining that Wragge is entitled to IFP status, the court must analyze the viability of his claims. 28 U.S.C. § 1915(e). The court reviews a complaint to eliminate claims that unnecessarily impede judicial efficiency and the administration of justice. The court must dismiss any portion of the complaint it determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B).

The court may dismiss a complaint as frivolous because of either legal or factual shortcomings. *Neitzke* v. *Williams*, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an 'indisputably meritless legal theory' and include 'claims of infringement of a legal interest which clearly does not exist.'" *Adams* v. *Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327). A complaint is factually frivolous when its factual allegations are "fanciful, fantastic, and delusional." *Denton* v. *Hernandez*, 504 U.S. 25, 32–33 (1992).

A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Wragge's pro se status relaxes, but does not eliminate, the requirement that his complaint contain facially plausible claims. The court must liberally construe a pro se plaintiff's allegations, but it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. *Johnson* v. *BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011).

The pleadings appear to claim that the City has targeted Wragge in zoning matters. Wragge asserts that the City has manipulated real estate values through its zoning codes. And he contends that the City has created additional burdens on prescriptive land use rights which is discriminatory and constitutes a hate crime. Wragge seeks over $69,000 for lost property.

Yet neither the Complaint nor the Amended Complaint identify what state or federal laws the City violated. And the court has independently reviewed the Amended Complaint's factual allegations and concludes that they do not plausibly allege a claim under federal law against the

City. Lacking these essential details, the court cannot conclude that his pleading states a plausible claim for relief. What's more, the Amended Complaint does not provide a basis for the court's jurisdiction over the matter. So it is subject to dismissal.

IV. **Conclusion**

The court grants Wragge's motion to proceed IFP. D.E. 2. But for the reasons discussed above, the undersigned recommends that the court dismiss the Amended Complaint (D.E. 7) without prejudice.

The Clerk of Court must serve a copy of this Memorandum and Recommendation (M&R) on each party who has appeared here. Any party may file a written objection to the M&R within 14 days from the date the Clerk serves it on them. The objection must specifically note the portion of the M&R that the party objects to and the reasons for their objection. Any other party may respond to the objection within 14 days from the date the objecting party serves it on them. The district judge will review the objection and make their own determination about the matter that is the subject of the objection. If a party does not file a timely written objection, the party will have forfeited their ability to have the M&R (or a later decision based on the M&R) reviewed by the Court of Appeals.

Dated: June 11, 2025

*Robert T. Numbers II*

Robert T. Numbers, II
United States Magistrate Judge